UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
*ELECTRONICALLY FILED*

| | |
|---|---|
| MEGAN OETH,<br><br>Plaintiff,<br><br>v.<br><br>PERFECT NORTH SLOPES, INC.,<br>Serve: Clyde A. Perfect<br>19074 Perfect Lane<br>Lawrenceburg, IN 47025<br><br>Defendant. | CASE No. |

# COMPLAINT

*** *** *** *** ***

Comes the Plaintiff, by counsel and for her cause of action against the Defendant states as follows:

1. That at all times relevant hereto Defendant Perfect North Slopes, Inc. is an Indiana Corporation doing business in Dearborn County, Indiana, and at all relevant times, owned, operated, and/or managed a ski facility known as Perfect North Slopes, Inc., 19074 Perfect Lane, Dearborn County, Lawrenceburg, Indiana.

2. That at all times relative hereto, the Plaintiff received serious injuries at Perfect North Slopes, Inc., located in Lawrenceburg, Dearborn County, Indiana, on January 18, 2026, and her damages are in excess of this Court's jurisdictional limit. Plaintiff, at all times relevant hereto, is a resident of Benton, Kentucky.

3. That on or about January 18, 2026, Plaintiff was a business invitee and was skiing at the Defendant's ski facility known as Perfect North Slopes, Inc., located in Lawrenceburg, Dearborn County, Indiana.

4. That the business premises known as Perfect North Slopes, Inc. is owned, managed, staffed, and run by the Defendant.

5. That the Plaintiff paid for a lift ticket, rented ski boots, skis, and ski poles from the Defendant on the day she was injured.

6. That at the above date, while the Plaintiff was skiing down a ski run at Perfect North Slopes, Inc., she struck an abandoned ski that was partially buried in the snow.

7. That the abandoned ski buried in the snow was a concealed hazard and was not open or obvious to the Plaintiff, and the Plaintiff was unable to perceive or appreciate that the ski was buried beneath the snow and could not reasonably avoid striking said ski.

8. That as a direct and proximate result of striking the concealed ski buried in the snow, the Plaintiff was forcibly thrown and lost control of her own skis, causing her to fall, which caused the Plaintiff severe bodily injuries.

9. That at all times relevant hereto, the Defendant had the duty of exercising reasonable care to maintain a safe premises for all business invitees including the Plaintiff, which including making sure that the ski runs were in a safe condition for their invitees, and ensuring that the ski runs and trails were free from objects that would prevent a hazard to the skiers, such as the hazard encountered by the Plaintiff at the time of the her injury.

10. That at all times relevant hereto, the Defendant breached its duty of reasonable care by failing to inspect the premises, clear hazards, including the abandoned buried ski, and remedy other unsafe conditions.

11. That the Defendant had a duty to have adequate ski patrol personnel who would have assisted a skier who fell and lost their skis. Defendant breached this duty by negligently failing to have ski patrol personnel who would have recognized the danger of the abandoned ski and removed said abandoned ski that presented a hazard to the other skiers.

12. That the Defendant negligently failed in their duty to ensure that their ski lift personnel at the bottom of each ski run would appreciate, or notice that a skier had crashed and lost their skis, and take appropriate steps to remove the abandoned skis from the ski runs, such as the ski that the Plaintiff struck that was abandoned.

13. That the Defendant knew or should have known by exercising reasonable care, that a skier had crashed on the ski run being utilized by the Plaintiff prior to the Plaintiff utilizing the run. The Defendant knew or should have known by exercising reasonable care that a skier had crashed and had lost their skis. The Defendant knew or should have known by exercising reasonable care that an abandoned ski, which was stuck in snow, created a hazard on the ski run and that the Defendant negligently failed to exercise reasonable care to notice that a skier had crashed, that a skier had lost their skis, and they negligently failed to remedy the hazardous condition by failing to remove said abandoned ski creating a hazard.

14. That the negligent failure of the Defendant to exercise reasonable care to notice that a skier had crashed and lost their skis, and their failure to remove an abandoned ski from a ski run, constitutes negligence and gross negligence.

15. Defendant negligently failed to have adequate ski patrol personnel which could have eliminated the hazard of the abandoned buried ski, negligently failed to institute policies and procedures for identifying crashed skiers and removing objects from ski runs, and negligently failed to adequately train or have policies and procedures in effect that would have noted that a skier had crashed and lost their skis, negligently failed to train and/or have polices and procedures which would have noted objects in the ski run that constitute as a hazard, such as the abandoned ski that the Plaintiff struck while at the Defendant's place of business.

16. On the day that the Plaintiff was injured, Defendant failed to have adequate ski patrol personnel, and/or adequate employees, and/or negligently allowed too many skiers onto their

ski resort, thus making the slopes too crowded and causing dangerous conditions for the skiers. Said negligence was the direct and proximate result leading to the Plaintiff's injury.

17. That as a direct and proximate result of the Defendant's negligence and gross negligence as set for the above, the Plaintiff has received severe bodily injuries, which have caused her pain and suffering in the past and will in the future, and have caused the Plaintiff to expend sums of money to doctors and other healthcare providers all to her damage, in the past and in the future, and caused the Plaintiff to lose wages from her employment in the past and in the future, and have caused the Plaintiff to suffer permanent scarring and disfigurement, and have caused the Plaintiff to suffer a permanent impairment rating in her ability to labor and earn money, and in her inability to perform activities of daily living in the past and in the future, all to her damage.

18. That as a direct and proximate result of the Defendant's negligence, the Plaintiff has an increased risk for future injuries and damage, all to her damage,

19. That as a further direct and proximate result of the Defendant's negligence, the Plaintiff has incurred transportation costs, medical equipment, and accommodations to her home as a direct result of the Defendant's negligence.

**WHEREFORE**, the Plaintiff demands as follows:

1) Prejudgment and post-judgment interest;

2) Judgment against the Defendant in an amount to compensate her for her losses;

2) A trial by jury on all issues triable;

3) Her costs expended; and

4) All other necessary and proper relief to which she may appear to be entitled.

Respectfully submitted,

*/s/ Timothy R. McCarthy*
Timothy R. McCarthy
Nutt Law Office
462 South Fourth Avenue
Suite 1750, Meidinger Tower
Louisville, Kentucky 40202
(502) 589-0635
(502) 589-8891 Fax
tim@nuttlaw.com

and

*/s/ Terry Goodspeed*
Terry Goodspeed
Sam Aguiar Injury Lawyers, PLLC
1900 Plantside Drive
Louisville, Kentucky 40299
(502) 813-8890
(502) 491-3946 Fax
terry@kylawoffice.com
*Counsel for Plaintiff*